# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Debra Nevins, | ) |
| Plaintiff, | ) |
| vs. | ) 7:23-cv-01037-LSC |
| DCH Health Systems [The DCH Health Care Authority], *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendant DCH Health Systems's (hereinafter "DCH") Motion to Dismiss Count VI: Defamation/Slander Per Se of Plaintiff's Amended Complaint. (Doc. 13.) Under Rule 8, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for defamation, a plaintiff must allege "that the defendant was at least negligent, in publishing a false and defamatory statement to another

1

concerning the plaintiff, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1091 (Ala. 1988) (citations omitted). A statement is defamatory when it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Harris v. Sch. Ann. Publ'g Co.*, 466 So.2d 963, 964 (Ala. 1985) (quoting Restatement (Second) of Torts § 559 (Am. Law Inst. 1976)). In the Amended Complaint, Plaintiff alleges:

> Plaintiff was defamed or otherwise slandered when, Defendants and their agents, falsely, wrongfully, negligently, recklessly, wantonly and unskillfully communicated to third persons employed by Defendant, that Plaintiff, had failed to provide the appropriate the appropriate documentation to support her exemption request for the flu vaccine.
>
> DCH and its agents, Rebecca Boutwell, Courtney Wingo and Felicia Ellison negligently communicated that the Plaintiff's failure to comply with the flu vaccine requirements was the genesis for her termination.

(Doc. 11 ¶¶ 264, 265).

In support of its Motion, DCH argues that Count VI of Plaintiff's Amended Complaint is due to be dismissed against it because 1) Plaintiff has failed to state a claim for defamation and 2) Plaintiff's claim is barred by the statute of limitations. DCH specifically contends that Plaintiff has not stated a claim because Plaintiff has failed to allege any "false statement"; and to the extent it does allege a false statement, Plaintiff has not identified who specifically made the false statement, to

what third party this statement was made, or how it was "negligently communicated." (*Id.* at 5.)

It is apparent to this Court that Plaintiff has not stated a claim for slander per se because "to constitute slander actionable per se, there must be an imputation of an indictable offense involving infamy or moral turpitude," and the Amended Complaint (Doc. 11) does not allege a statement imputing an indictable offense involving infamy or moral turpitude. *Liberty Nat'l Life Ins. Co. v. Daugherty*, 840 So.2d 152, 157 (Ala. 2002) (quoting *Ceravolo v. Brown*, 364 So.2d 1155, 1157 (Ala. 1978)). However, the Court believes that Plaintiff's claim for slander per quod should proceed at this stage and that the question of whether this cause of action is barred by the relevant statute of limitations is better suited for summary judgment or trial. Plaintiff does allege a false statement negligently made by DCH's agents to third parties. And, taking the Amended Complaint as a whole, Plaintiff does allege harm to her reputation, that she has not been able to regain employment, and special damages. (Doc. 11 ¶¶ 84, 104, 124, 179, 259.) Accordingly, DCH's Motion (Doc. 13) is DENIED. The parties are directed to proceed as scheduled.

**DONE** and **ORDERED** on January 26, 2024.

_____
L. Scott Coogler
United States District Judge

215755