

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Debra Nevins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:23-cv-01037-LSC |
| ) | |
| DCH Health Systems [The ) | |
| DCH Health Care Authority], *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendants Courtney Wingo, Felicia Ellison, and Rebekah Boutwell's (hereinafter "Individual Defendants") Motion for More Definite Statement. (Doc. 35.) Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Even if a court has determined that the complaint should withstand a motion to dismiss for failure to state a claim, it still "may well be that [plaintiff's] complaint as now drawn is too vague." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)[1] (quoting *Glus v. Brooklyn E. Dist. Terminal*, 359 U.A. 231,

---

[1] The Eleventh Circuit has adopted as binding precedent decisions issued by the Fifth Circuit prior to October 1, 1981. See *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

235 (1959)). For instance, if the plaintiff's complaint is a shotgun pleading, that is a reason to require a more definite statement of the complaint. *See Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).[2]

But "it is clearly the policy of the [Federal] Rules that Rule 12(e) should not be used to frustrate" the policy of Rule 8, *Mitchell*, 269 F.3d at 132, which only requires a "short and plain statement," Fed. R. Civ. P. 8(a)(2). "[A] motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery . . . exist for this purpose." *Mitchell*, 269 F.3d at 132.

In support of their Motion for a More Definite Statement, the Individual Defendants argue: 1) the Amended Complaint is not clear as to which counts are asserted against which defendants; 2) each count of the Amended Complaint improperly incorporates each preceding paragraph; and 3) Count VI is impermissibly vague because it does not contain sufficient factual allegations.

As to the first two arguments, the Court agrees. The Amended Complaint does not specify which counts are asserted against which defendant, and the first paragraph of each count does "re-allege[] all paragraphs of the complaint as if set out fully herein." (Doc. 11 ¶¶ 94, 108, 129, 184, 208, 263.) Both of these

---

[2] While opinions from the Federal Appendix are not binding on this Court, these opinions can be persuasive authority.

characteristics make the Amended Complaint a quintessential shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1331–33 (11th Cir. 2015). Accordingly, Plaintiff must provide a more definite statement to address these deficiencies.

As to the Individual Defendants' third argument, the Court agrees in part. As the Court addressed in the previous Memorandum of Opinion, it is clear that Count VI does not state a claim for slander per se. (Doc. 17 at 3.) But to the extent that Plaintiff intends to state a claim for slander per quod, she has not alleged her damages with sufficient clarity under this particular count because she merely requests compensatory damages, punitive damages, and attorney's fees. *See Butler v. Town of Argo*, 871 So. 2d 1, 17 (Ala. 2003) (citing *Ceravolo v. Brown*, 364 So. 2d 1155, 1156–57 (Ala. 1978)) (explaining that in a slander per quod action that a plaintiff must allege special damages). In terms of the more specific factual allegations that the Individual Defendants seek, it appears that they are attempting to hold Plaintiff to the Rule 9(b) pleading standard, which is inapplicable here. Fed. R. Civ. P. 9(b). The Court is satisfied that the remainder of Count VI is sufficiently plead under Rule 8. The Individual Defendants may obtain more sufficient factual detail through the discovery process.

Therefore, the Individual Defendants' Motion is granted in part and denied in part. (Doc. 35.) Plaintiff is ordered to file a more definite statement within fifteen (15) days of this Order. The parties are then directed to proceed as scheduled.

**DONE** and **ORDERED** on April 24, 2024.

_____
L. Scott Coogler
United States District Judge

215755